# Richmond

## James Richard Breeden v. Commonwealth of Virginia.

September 2, 1976.

Record No. 751401.

Present, All the Justices.

*L. B. Chandler, Jr.* (*Ralph E. Main, Jr.; Chandler, Huff & Wood, Ltd.*, on brief), for plaintiff in error.

*Wilburn C. Dibling, Jr., Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Poff, J., delivered the opinion of the court.

By final order dated July 30, 1975, the trial court entered judgment on the verdict of a jury which convicted James Richard Breeden of abduction and murder of the first degree and fixed his punishment at imprisonment for ten years and for life on the respective charges. The dispositive question is whether a prospective juror, Mrs. Mary Alice Plummer, should have been stricken from the venire for cause.

The right of an accused to trial by "an impartial jury" is a constitutional right. U.S. Const. amends. VI and XIV; Va. Const. art. 1, § 8. The constitutional guarantee is reinforced by legislative mandate and by the rules of this Court: veniremen must "stand indifferent in the cause". Code § 8-208.28 (Cum. Supp. 1976); Rule 3A:20(b). By ancient rule, any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused.

> "[A prospective juror] must be able to give [the accused] a fair and impartial trial. Upon this point nothing should be left to inference or doubt. All the tests applied by the courts, all the enquiries made into the state of the juror's mind, are merely to ascertain whether he comes to the trial free from partiality and prejudice.
>
> "If there be a reasonable doubt whether the juror possesses these qualifications, that doubt is sufficient to insure his exclusion. For, as has been well said, it is not only important that justice should be impartially administered, but it should also flow through channels as free from suspicion as possible." *Wright* v. *Commonwealth*, 73 Va. (32 Gratt.) 941, 943 (1879).

We have applied these principles strictly and consistently. In *Salina* v. *Commonwealth*, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976), we held that veniremen who owned stock in a bank which was the victim of the crime charged against the accused could not stand indifferent in the cause. In *Farrar* v. *Commonwealth*, 201 Va. 5, 109 S.E.2d 112 (1959), the trial court had granted separate trials to two co-defendants. Although veniremen called for the first trial had been peremptorily stricken and heard no evidence, we held that they should have been excluded from the second venire. In *Dejarnette* v. *Commonwealth*, 75 Va. (1 Matt.) 867 (1881), this Court ruled that a veniremen who equivocated when asked if he had formed a fixed opinion should have been stricken. The assertions of the veniremen in *Salina* and *Dejarnette* that they could give the defendant a fair trial did not purge the taint. "As was said by Judge Scott in *Armstead's case*, 11 Leigh, 663, 'however willing the juror might be to trust himself, the law will not trust him.' " *Id.*, 75 Va. (1 Matt.) at 872.

Mrs. Plummer's *voir dire*, which is set out in the margin,* raises

---

* "COURT: Mrs. Plummer, you indicated that you had heard or read something about the case being tried today, can you tell us how you first learned of the case?
"MRS. PLUMMER: I saw it in the newspaper.
"COURT: And what do you recall, if anything, about the account in the newspaper?

substantial doubt concerning her ability to stand indifferent in the cause. We are not concerned that she had read newspaper accounts

"MRS. PLUMMER: I recall that it happened at this grocery store and I think there was something about a person leaving, coming back and something about a motorcycle maybe.

"COURT: Did you form now or since then any opinion with regard to the guilt or innocence of the person charged with the crime?

"MRS. PLUMMER: No, the thought ran through my mind I was glad that person was caught.

"COURT: You were glad the person was caught?

"MRS. PLUMMER: Yes.

"COURT: All right, now if that person that was caught was being tried here today, the question is can you judge him fairly according to the evidence in this courtroom to the exclusion of what you read about it in the newspaper?

"MRS. PLUMMER: Yes sir.

"COURT: You could?

"MRS. PLUMMER: Yes sir.

"COURT: Do you now have any opinion with regard to that person's guilt or innocence as to the crime? That is the specific person who is charged?

"MRS. PLUMMER: No, Your Honor.

"COURT: You do not—all right, Mr. Chandler.

"CHANDLER [Defense Counsel]: Mrs. Plummer, are you saying that the fact that you are glad the person was caught, is—does that mean in your mind the fact that the police arrested someone he was guilty?

"MRS. PLUMMER: In my mind there must have been strong evidence to be arrested.

"CHANDLER: Do you feel that way today?

"MRS. PLUMMER: I don't know.

"CHANDLER: Do you feel that the fact that Mr. Breeden is here is strong indication that he is guilty?

"MRS. PLUMMER: Yes sir.

"CHANDLER: But what you are saying you could put that feeling aside after you heard the evidence in court, is that correct?

"MRS. PLUMMER: I would listen—it's very serious and—would you please repeat the question.

"CHANDLER: My question is you could put aside the feeling that you think he is probably guilty until you have heard all the evidence?

"MRS. PLUMMER: Would I put that aside?

"CHANDLER: Yes.

"MRS. PLUMMER: Yes.

"CHANDLER: Would I have to—Mr. Main and I have to prove to you that he was innocent?

"MRS. PLUMMER: Yes sir.

"CHANDLER: That's all I have.

. . . .

"HAUGH [Commonwealth's Attorney]: If the Judge should instruct you as a juror in this case that the burden is on the Commonwealth to prove that this defendant, the man that was caught, is actually guilty and then that a presumption of innocence accompanies throughout the trial until the Commonwealth so does it, would you follow those instructions and decide the case on the facts presented today, on the basis of those rules and not of anything you've heard or thought before?

"MRS. PLUMMER: Yes sir.

"HAUGH: All right, that's all. [continued on next page]

of the crime. Jurors are not required to be totally ignorant of the facts and issues involved in a case on which they sit. *Charlottesville Music Cen.* v. *McCray*, 215 Va. 31, 38, 205 S.E.2d 674, 679 (1974); *Greenfield* v. *Commonwealth*, 214 Va. 710, 717, 204 S.E2d 414, 420 (1974). Nor are we concerned with a possible misapprehension of law. Jurors are not expected to be learned in legal maxims. We are concerned with her state of mind.

Mrs. Plummer's reply to one question is particularly revealing. Asked if defense counsel would "have to prove to you that [Breeden] was innocent", she responded in the affirmative. Considered in context with her answers to related inquires, her response to that crucial question was not so much a symptom of her ignorance of the law as a candid reflection of the state of her mind concerning Breeden's guilt.

The efforts of the Attorney for the Commonwealth and the trial court to rehabilitate Mrs. Plummer do not assuage our concern. In response to two long, complex, leading questions, she merely gave the answers expected. "[T]he proof that [a prospective juror] is impartial and fair, should come from him and not be based on his mere assent to persuasive suggestions." *Parsons* v. *Commonwealth*, 138 Va. 764, 773, 121 S.E. 68, 70 (1924). *See also Wright* v. *Commonwealth, supra,* 73 Va. at 944.

■ The Commonwealth argues that any error on this question was harmless because Breeden, by peremptory strike, excluded Mrs. Plummer from the jury which convicted him. We disagree. A defendant has a right to an impartial jury drawn from "a panel [of twenty] free from exceptions." Code § 8-208.19 (Cum. Supp. 1976). It is prejudicial error for the trial court to force a defendant to use the peremptory strikes afforded him by Code § 8-208.21 (Cum. Supp. 1975) [now Code § 19.2-262 (Repl. Vol. 1975)] to exclude a venireman who is not free from exception. *Dowdy* v. *Commonwealth*, 50 Va. (9 Gratt.) 727, 737 (1852).

We hold that the trial court erred in seating Mrs. Plummer on the panel, and the judgments convicting Breeden of abduction and first degree murder are reversed.

Defendant further contends that the trial court erred in refusing proffered instructions on second degree murder and voluntary man-

----

. . . .
"COURT: . . . Now the question is Mrs. Plummer, do you know of anything that would cause you not to follow the instructions of the Court in this case and to judge this case according to the evidence in this courtroom?
"MRS. PLUMMER: No sir."

slaughter. Since the case must be remanded for a new trial on both indictments and because we cannot anticipate what the evidence on the murder count may be, we need not decide that question. At the new trial on the murder count, the trial court will instruct the jury on whatever grades of the offense are supported by the evidence and the inferences fairly deducible therefrom. *See Painter* v. *Commonwealth*, 210 Va. 360, 171 S.E.2d 166 (1969).

*Reversed and remanded.*