## Richmond

ANGELO IRVING, s/k/a
ANGELO MARCELLUS IRVING

v.

COMMONWEALTH OF VIRGINIA

No. 1092-93-2

Decided February 7, 1995

582

COUNSEL

Theodore Tondrowski; Bowen & Bowen, P.C., on brief, for appellant. Appellant submitting on brief.

James S. Gilmore, III, Attorney General; Robert Q. Harris, Assistant Attorney General, on brief, for appellee. Appellee submitting on brief.

OPINION

**MOON, C.J.**—Angelo Marcellus Irving (defendant) was tried before a jury in the Hanover County Circuit Court and convicted of four counts of abduction with intent to extort money, two counts of robbery, and six counts of using a firearm in the commission of a felony. On appeal, the sole issue is whether the trial court, in adopting a procedure to replace a juror unable to serve, erred by using a method that allowed a juror previously struck from the panel of twenty prospective jurors to serve on the jury. We hold that the trial court, by employing this replacement method, diminished the defendant's right to peremptory strikes afforded under Code § 19.2-262; therefore, the trial court abused its discretion under § 8.01-361. Accordingly, we reverse the defendant's convictions.

At trial, a panel of twenty jurors without exception was chosen from the venire. From the panel of twenty, a jury of twelve members was selected after the defendant and Commonwealth each used four peremptory strikes. After the jury was selected, the judge excused the remaining prospective jurors, those unchosen from the venire for the panel of twenty and those stricken from the panel. However, three of the eight jurors stricken, Sarah Woody and Jerry Robinson, struck by the defense, and David Young, struck by the Commonwealth, remained in the courtroom. Another member of the venire, Katherine Chamberlain, who was not one of the panel of twenty, also remained in the courtroom.

Soon after the defendant and Commonwealth had made their opening statements, a juror notified the court that he knew one of the victims and could not render a fair verdict. The juror was excused, and the court, over the defendant's objections, recalled the four prospective jurors remaining in the courtroom to form a pool from which to select a replacement juror. Three of the four jurors, Ms. Woody, Mr. Robinson, and Ms. Chamberlain, were selected randomly by drawing, and the defendant and Commonwealth were each given one peremptory strike. The Commonwealth struck Ms. Chamberlain, leaving the defendant to strike one of two jurors he had previously stricken from the panel. After making his strike, the defendant renewed his objection and moved for a mistrial, but the motion was denied.

We hold that the trial court abused its discretion in that it violated Code § 19.2-262 by essentially denying defendant the right of one of his four peremptory strikes. Code § 19.2-262 directs that each party in a criminal case is entitled to four peremptory strikes.

> Twelve persons from a panel of twenty shall constitute a jury in a felony case. . . . The parties or their counsel, beginning with the attorney for the Commonwealth, shall alternatively strike off one name from the panel until the number remaining shall be reduced to the number required for a jury.

Code § 19.2-262. *See also Breeden v. Commonwealth*, 217 Va. 297, 227 S.E.2d 734 (1976); *Harman v. Commonwealth*, 212 Va. 442, 185 S.E.2d 48 (1971).

■ Upon excusing the jury member, the trial court attempted to select another qualified juror to replace him. Code § 8.01-361 allows the court in its discretion to "cause another qualified juror to be sworn in" to replace the juror who is unable to serve or, instead, to "discharge the jury when it appears . . . that there is a manifest necessity for such discharge." § 8.01-361.[1]

■ Assuming that, under the circumstances of this case, the trial court had discretion to replace a juror who was "unable" to serve, that discretion is not unbridled. While the statute does not specifically prescribe the procedure for selecting a replacement juror, we believe that due process requires that the procedure afford the accused equivalent safeguards of his rights as those furnished when selecting additional jurors before the trial begins. Code § 8.01-360 provides that in selecting additional jurors, the court draw two more prospective jurors from the venire than the number of additional jurors desired; that the parties shall each be allowed one additional peremptory challenge for every two additional jurors to be selected; and that after each party has used its peremptory challenge, the court shall select, by lot, those jurors to be designated additional jurors as become necessary.

■ By selecting additional jurors from a separate pool drawn from the venire, § 8.01-360 ensures that neither side will be prejudiced by having to exercise one of its peremptory strikes twice against the same juror. In this case, the trial court should have employed a method that guaranteed the accused the same rights as those guaranteed by § 8.01-360.

The Commonwealth mistakenly relies on *Satcher v. Commonwealth*, 244 Va. 220, 421 S.E.2d 821 (1992), *cert. denied*, 113 S. Ct. 1319 (1993), to support its contention that the trial court did not abuse its discretion and violated no substantial rights of the defendant because he was tried by a jury of twelve "free from exception." This contention misses the point of the defendant's argument as to why he is aggrieved. In *Satcher*, the Supreme Court of Virginia pointed out that the trial court, in exercising its discre-

---

[1] We are not asked to decide whether the judge, because no alternate jurors were available, should have declared a mistrial. Rather, the question presented to this court is only whether the trial court erred in denying the defendant's motion for a mistrial after it allowed a juror, whom the defendant had previously struck from the panel of twenty, to serve on the jury.

tion, did not prejudice the defendant because the method employed by the trial court did not impair the defendant's right to his peremptory challenges. 244 Va. at 238, 421 S.E.2d at 832. *See also Breeden*, 217 Va. 297, 300, 227 S.E.2d 734, 736 (1976) (holding that it was prejudicial error for the trial court to force a defendant to use the peremptory strikes afforded him by Code § 19.2-262 to exclude a venireman who was not free from exception).

In this case, the trial court should have at least called three jurors not previously stricken from the panel of twenty and provided both the defendant and Commonwealth with one peremptory strike. By following this or some similar procedure, the trial court would have ensured that both sides would have had the full right of their peremptory strikes.

Because the trial court's procedure impaired the defendant's right to his peremptory strikes, the trial court's action constituted an abuse of discretion. The defendant had to use a peremptory strike to remove a juror whom he had earlier struck and a juror was empaneled who had been previously stricken. The trial court should have declared a mistrial. Therefore, the convictions of the defendant must be reversed.

*Reversed and remanded.*

Coleman, J., and Bray, J., concurred.