COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judge Benton and
        Senior Judge Duff
Argued at Alexandria, Virginia


WILLIAM CHILDRESS

                                    MEMORANDUM OPINION* BY
v.   Record No. 1890-98-4           JUDGE JAMES W. BENTON, JR.
                                         FEBRUARY 15, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF WARREN COUNTY
                     Dennis L. Hupp, Judge

         Elwood Earl Sanders, Jr., Appellate Defender
         (Public Defender Commission, on brief), for
         appellant.

         Linwood T. Wells, Jr., Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     A jury convicted William Childress of grand larceny.  On

appeal, he contends the trial judge erred in refusing to allow a

voir dire question to a prospective juror and in failing to strike

for cause that same prospective juror.  For the reasons that

follow, we reverse his conviction and remand to the circuit court

for a new trial.

                              I.

     During voir dire for Childress' jury trial, a prospective

juror identified himself as "a Park Ranger in law enforcement from

1981 until about 1990."  He then responded as follows:

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

[DEFENSE COUNSEL]: Okay. Now, would that experience cause you to give either more or less weight to the testimony of any police officer because he has the uniform and the badge, or has the status of a police officer?

[TRIAL JUDGE]: Let me ask the question this way. Would you tend to give the testimony of a police officer or any law enforcement officer more or less weight than you would that of another witness, simply because that person is a police officer?

[PROSPECTIVE JUROR]: I hope not, but I'm not sure.

After other questions were posed to the panel of prospective jurors, the trial judge called the prospective juror for a more specific voir dire. Before defense counsel began his questions, the trial judge asked the following:

[TRIAL JUDGE]: . . . [Y]ou had indicated that you may give the testimony of the law enforcement officer more weight than you would that of another witness, simply because that person is a law enforcement officer. Was that your response or you had some concern about that?

[PROSPECTIVE JUROR]: Well, I have been out of it for seven years and I hope that I can be fair, but you know, I wasn't sure if I would, you know, lean, be prejudiced by, you know, an officer's testimony or not.

[TRIAL JUDGE]: All right. Let me ask you this. If you are instructed that you need to determine the credibility of any witness based on a number of things, first would be the appearance, the behavior, the attitude of the witness on the witness stand; the interest of the witness in the outcome of the case; perhaps the relation of a witness to any party in the case; his or her inclination to speak truthfully or not; the

-

probability or improbability of what the witness is saying; and those sorts of things.  I am not saying that you cannot factor in any training and experience of a law enforcement officer.  I am not saying that you have to disregard that, but it has to be weighed with all the facts and circumstances of the case and those other things that you need to look at the determined credibility.  Do you think that you can do that?

[PROSPECTIVE JUROR]:  I think so.

The trial judge then permitted defense counsel to ask questions.  The following voir dire ensued:

[DEFENSE COUNSEL]:  [W]ould you count somebody who is an officer, simply because he is an officer, to be more credible than another witness or believable than another witness?

[PROSPECTIVE JUROR]:  That depends on the officer.  I would, you know, think that I could be fair.

[DEFENSE COUNSEL]:  Okay, what do you think being fair is in a situation like this . . . . ?

[PROSPECTIVE JUROR]:  See what the evidence is.

[DEFENSE COUNSEL]:  Okay, I take it you have some doubt that, some concern that you are going to have trouble with being fair during the trial?

[PROSPECTIVE JUROR]:  Well, this is the first time that I have been on a Jury and I don't know how I'm going to react.

[DEFENSE COUNSEL]:  I see.  But your concern is that you may react sympathetically to the officer's side, to the officer's testimony because of your former service yourself?

[PROSPECTIVE JUROR]:  Okay, I don't know.

-

[DEFENSE COUNSEL]:  You do not know.

[PROSPECTIVE JUROR]:  I hope not.

DEFENSE COUNSEL]:  You hope not, but you might, is that. . . .

[PROSPECTIVE JUROR]:  Yes.

[DEFENSE COUNSEL]:  And you think because . . .  Would you say there is a serious risk that you would, looking at yourself?

[PROSPECTIVE JUROR]:  No, no.

[DEFENSE COUNSEL]:  No to that question, but there is certainly . . .  You are saying is . . .  When you say a serious risk, maybe I overstated.  Is there a substantial likelihood, would that be a better phrase? Is that accurate?

[PROSPECTIVE JUROR]:  I don't think so.

[DEFENSE COUNSEL]:  As distinct from an officer's testimony, do you instinctively sympathize with the prosecution side of a criminal case because of your . . . I take it you have been a witness before for prosecutors, have you not?

[PROSPECTIVE JUROR]:  That's correct.

[DEFENSE COUNSEL]:  Well do you sympathize naturally with the prosecution because of your former status as a . . .

[PROSECUTOR]:  Your Honor, I am going to object to that question.  I do not think that is appropriate.

[DEFENSE COUNSEL]:  Well, I think it is.  I mean, we are exploring a possible bias and he has expressed at least a glimpse of doubt.  I think I have a duty to my client to explore it.

[PROSECUTOR]:  Your Honor, all citizens are in favor of law and order and we are . . .

-

[TRIAL JUDGE]:  I am going to stop it here.
I sustain the objection and note your
[exception]. . . .

Defense counsel then asked other questions relating to the prospective juror's experiences as a park ranger.  At the conclusion of the voir dire, defense counsel moved to strike the prospective juror for cause.  The trial judge denied the motion.  Defense counsel then used a peremptory strike to remove the prospective juror.  At the jury trial, the jury acquitted Childress of statutory burglary and convicted him of grand larceny.  This appeal followed.

## II.

The right to a trial by an impartial jury is guaranteed under the United States and Virginia Constitutions and by legislative enactment.  See U.S. Const. amend. VI; Va. Const. art. I, § 8; Code §§ 8.01-357 and 8.01-358.  "By ancient rule, any reasonable doubt [regarding the prospective juror's ability to give the accused a fair and impartial trial] must be resolved in favor of the accused."  Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976); see also Gosling v. Commonwealth, 7 Va. App. 642, 645, 376 S.E.2d 541, 544 (1989) (citations omitted).

"It is the duty of the trial [judge], through the legal machinery provided for that purpose, to procure an impartial jury to try every case."  Salina v. Commonwealth, 217 Va. 92, 93, 225 S.E.2d 199, 200 (1976).  Code § 8.01-357 provides that

-

peremptory challenges are to be made from "a panel free from exceptions."  See also Justus v. Commonwealth, 220 Va. 971, 975, 266 S.E.2d 87, 90 (1980).  In addition, "if [upon voir dire] it shall appear to the court that the juror does not stand indifferent in the cause, another shall be drawn or called and placed in his stead for the trial of that case."  Code § 8.01-358 (emphasis added).  Thus, by statutory mandate, Childress "has a right to an impartial jury drawn from 'a panel [of twenty] free from exceptions.'"  Breeden, 217 Va. at 300, 227 S.E.2d at 737.  Applying this mandate, the Supreme Court has held that "[i]t is prejudicial error for the trial [judge] to force [an accused] to use the peremptory strikes afforded [the accused] by Code § [8.01-357] . . . to exclude a [prospective juror] who is not free from exception."  Id.[1]

Initially, the prospective juror clearly stated he was unsure that he could be impartial in judging the testimony of a police officer.  When the prospective juror was recalled for further questioning, his rehabilitative responses were initiated by the trial judge's leading questions.  The rule is well

---

[1] This statutory right is not diminished by the United States Supreme Court's recent holding that an accused is not denied a right protected by Fed. Rule Crim. Proc. 24(b) if he uses a peremptory strike to remove a juror the trial judge should have removed for cause.  See United States v. Martinez-Salazar, ___ U.S. ___ (No. 98-1255, Jan. 19, 2000).  Unlike our statutes, that Federal Rule does not guarantee a panel of prospective jurors that stands indifferent to the cause and free from exception.

-

established, however, that "'the proof that [a prospective juror] is impartial and fair, should come from him and not be based on his mere assent to persuasive suggestions.'" Breeden, 217 Va. at 300, 227 S.E.2d at 736 (citation omitted).

> "The true test of impartiality lies in the juror's mental attitude. Furthermore, proof that she is impartial must come from her uninfluenced by persuasion or coercion. The evidence used to show the requisite qualifications for impartial jury service must emanate from the juror herself, unsuggested by leading questions posed to her."

David v. Commonwealth, 26 Va. App. 77, 81, 493 S.E.2d 379, 381 (1997) (citations omitted). Moreover, even after the rehabilitative effort, the prospective juror's "responses indicated a great degree of equivocation and created a reasonable doubt about [his] fitness as a juror." Brown v. Commonwealth, 29 Va. App. 199, 208, 510 S.E.2d 751, 755 (1999). "[I]t is firmly established that doubts as to the impartiality of a juror must be resolved in favor of the accused." Educational Books, Inc. v. Commonwealth, 3 Va. App. 384, 387, 349 S.E.2d 903, 906 (1986).

We also note that when defense counsel sought to delve into the degree to which the prospective juror's mental attitude was formed by his former status as a law enforcement officer, the trial judge sustained the prosecutor's objection. In so doing, the trial judge erred. The question of the influence of the prospective juror's previous employment on his sympathies was

-

relevant because it addressed whether he "is sensible to any bias or prejudice."  Code § 8.01-358.  As we have previously held, a trial judge "should not . . . accept a [prospective juror's] bare declaration of impartiality without providing a means to assure that the expression reflects the person's true state of mind."  Griffin v. Commonwealth, 19 Va. App. 619, 622, 454 S.E.2d 363, 364-65 (1995).  In view of the prospective juror's degree of equivocation, the inquiry was appropriate and should have been permitted.

For these reasons, we hold that the trial judge erred in refusing to allow the inquiry and in denying Childress' motion to strike the prospective juror for cause.  We reverse the conviction and remand for a new trial.

Reversed and remanded.