COURT OF APPEALS OF VIRGINIA


Present: Judges Bumgardner, Clements and Senior Judge Bray*
Argued at Chesapeake, Virginia


MIQUEAS RAMIREZ

                                       MEMORANDUM OPINION[**] BY
v.    Record No. 1825-01-1      JUDGE RUDOLPH BUMGARDNER, III
                                           OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Thomas S. Shadrick, Judge

Catherine L. MacLean (Office of the Public
Defender, on brief), for appellant.

Richard B. Smith, Senior Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


A jury convicted Miqueas Ramirez of attempted malicious wounding and use of a firearm during the commission of a felony. He contends the trial court erred (1) in refusing to permit voir dire about the specific range of punishment and (2) in refusing to strike a juror for cause. For the following reasons, we affirm.

The trial court refused to allow the defendant to ask the venire the following question:

---

* Judge Bray participated in the hearing and decision of this case prior to the effective date of his retirement on September 1, 2002 and thereafter by his designation as a senior judge pursuant to Code § 17.1-401.

** Pursuant to Code § 17.1-413, this opinion is not designated for publication.

> Realizing that the range of punishment is 1 years [sic] to 10 years for the attempt malicious wounding and three years for use of a firearm, will you be able to carefully consider the full range of punishment? Is there anything that will keep you from imposing either the minimum or maximum sentences allowable under the law?

While the trial court did not permit the defendant to state the range of punishment, it permitted general questions about the jurors' ability to consider the full range of punishment.

Commonwealth v. Hill, ___ Va. ___, 568 S.E.2d 673 (2002), held the defendant has no right to question a jury panel about the range of punishment in a non-capital case. That case controls this case. Accordingly, the trial court did not err in refusing the tendered question.

The defendant also contends the trial court erred in not striking juror Barbara Bowden. He maintains she expected the defendant or his attorney to tell "his side of the story." If a juror requires a defendant to testify or expects him to prove his innocence, the trial court must exclude the juror for cause. Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976). However, the record[1] of the voir dire does not support the claim that juror Bowden expected the defendant to do either.

---

[1] [DEFENSE COUNSEL]: Do you feel that you are going to need some sort of explanation from Mr. Ramirez before you could find him not guilty?

-

During general questioning of the venire, juror Bowden answered that the defendant did not have to produce evidence or testify, that the Commonwealth had to prove him guilty beyond a reasonable doubt, and that the defendant was presumed innocent. When the defendant indicated jurors Angeline Brown and Barbara Bowden may have shaken their heads to indicate they expected the defendant to put forth evidence, the trial court recalled the two for further questioning. Defense counsel asked them together whether they expected an explanation from the defendant.

---

MS. BOWDEN: I'm Barbara Bowden. He has an attorney to represent him, and I feel that's all that is needed.

[DEFENSE COUNSEL]: An explanation from me?

MS. BOWDEN: I beg your pardon?

[DEFENSE COUNSEL]: An explanation from me?

MS. BOWDEN: No. You are going to tell, you know, his side of the story.

[DEFENSE COUNSEL]: Okay.

MS. BOWDEN: Angeline Brown. Yes, I would like to – He would have to prove his innocence to me. Yes.

[DEFENSE COUNSEL]: Okay.

MS. BOWDEN: And that's with anybody. You have to be proven innocent first.

[DEFENSE COUNSEL]: Okay.

-

Juror Brown responded that she expected the defendant to testify or prove his innocence.  The trial court excused her.  Juror Bowden responded, "He has an attorney to represent him, and I feel that's all that is needed."  Then asked specifically if she needed an explanation from defense counsel, juror Bowden stated, "No.  You are going to tell . . . his side of the story."

The trial court clearly recognized the holding in <u>Breeden</u> and differentiated between its application to the responses of Brown and Bowden.[2]  "The partiality or impartiality of an individual juror is a factual issue best determined by the trial court."  <u>Watkins v. Commonwealth</u>, 229 Va. 469, 480, 331 S.E.2d 422, 431 (1985) (citation omitted).  The trial court's determination shall not be reversed absent a showing of manifest error.  <u>Mu'Min v. Virginia</u>, 500 U.S. 415, 428 (1991); <u>Vinson v. Commonwealth</u>, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999), <u>cert. denied</u>, 530 U.S. 1218 (2000).  We conclude the record does not support the contention of the defendant.  Accordingly, we affirm.

<u>Affirmed.</u>

---

[2] Indeed, the defendant's brief cites to juror Brown's statement in the appendix when contending juror Bowden answered that she expected the defendant to testify or prove his innocence.