COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bumgardner and Retired Judge Brown[*]
Argued at Salem, Virginia


DOUGLAS MADISON WEEKS, JR.

MEMORANDUM OPINION[**] BY
v.   Record No. 1939-02-3    JUDGE RUDOLPH BUMGARDNER, III
JUNE 24, 2003
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF ROANOKE
James R. Swanson, Judge

Anthony F. Anderson (Melissa W. Friedman;
Stephanie Gacek Cook, on briefs), for
appellant.

Donald E. Jeffrey, III, Assistant Attorney
General (Jerry W. Kilgore, Attorney General,
on brief), for appellee.


A jury convicted Douglas Madison Weeks, Jr., of throwing a

missile at an occupied vehicle and felony assault and battery.

He contends the trial court abused its discretion in failing to

strike a juror for cause.  Concluding the trial court did not

err, we affirm the convictions.

During voir dire, defense counsel asked whether any juror

or their relative had been the victim of a crime.  Jessica

[*] Retired Judge J. Howe Brown, Jr., took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400.

[**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Henley stated that approximately "twelve years" earlier, her "best friend's mother was murdered and two years before that her father was murdered."[1]  Defense counsel then asked if that experience made Henley feel "uncomfortable in sitting in judgement of others."  She responded, "Kind of, yes."  Defense counsel asked, "Do you find that that experience would cause you to feel any different if you sit as a juror in this case, you might find yourself leaning in favor of one side than the other?"  Henley responded, "I think it probably would, I'm not sure but I think it may."  Defense counsel concluded his questioning of Henley by asking whether she could put those feelings aside after being instructed on the law.  She responded, "I think I'd feel uneasy."

The Commonwealth's attorney asked Henley[2] if she was leaning for or against any party and she responded:

> No, not right now but I don't mind about
> making, finding guilty or not guilty, and
> then have to worry about it later.  Like we
> just consider . . . over and then not think
> I did the wrong thing or, I don't know, I'm
> just kind of nervous about the whole thing.

(Emphasis added.)  The Commonwealth's attorney then asked,

---

[1] Because Henley stated this happened "twelve years ago," we conclude she misspoke when she gave the date as "1999" in answer to an earlier question.

[2] The parties stipulated that the references to Ms. Hunter on pages 39 and 40 of the trial transcript properly refer to Ms. Henley.

"putting nerves aside, do you think you'd be able to make a decision without letting anyone push you one way or another?" Henley responded, "Yes."

The defendant moved to strike Henley for cause. He argued she was uneasy due to her past experiences and would not be able to lay aside that history. The Commonwealth argued that Henley was uneasy because she was nervous about making the correct decision. The defendant argued her responses showed that she would be biased, while the Commonwealth argued her responses showed that she was just nervous about making a correct decision.

The trial court determined that any apparent equivocation in Henley's answers resulted from the fact that she was conscientious and "nervous and . . . didn't want to make the wrong decision." It did not result from her being influenced by her past history. The trial court concluded it had no reasonable doubt that the juror would be impartial in that case.

In reviewing a denial of a motion to strike a juror for cause, we consider the entire voir dire, give great deference to the trial judge's decision, and do not reverse unless the decision constitutes manifest error. Clagett v. Commonwealth, 252 Va. 79, 90, 472 S.E.2d 263, 269 (1996). The responses of juror Henley were susceptible to two interpretations. Counsel presented those opposing interpretations of the facts to the trial court.

The judge resolved the issue of which of the competing interpretations correctly interpreted the meaning of Henley's responses. The record supports that finding of fact. George v. Commonwealth, 242 Va. 264, 276, 411 S.E.2d 12, 19 (1991) (no error in refusing to exclude juror whose son was pallbearer at victim's funeral). After observing Henley's demeanor and evaluating her answers to the questions posed, the trial court concluded it had no reasonable doubt that she would stand impartial to the cause. Stockton v. Commonwealth, 241 Va. 192, 200, 402 S.E.2d 196, 200 (1991) (trial judge observes and evaluates first hand prospective jurors' "'sincerity, conscientiousness, intelligence and demeanor'").

The trial judge "is in a superior position to determine whether a prospective juror's responses during voir dire indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath." Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001). The trial court concluded it had no reasonable doubt that the juror was "free from partiality or prejudice." It applied the proper legal standard to its factual finding. Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976). The trial court

- 4 -

properly exercised its discretion in denying the motion to strike the juror for cause.

Accordingly, we affirm.

<u>Affirmed.</u>