COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Beales
Argued at Chesapeake, Virginia


WALLACE D. WADDLER
                                                        OPINION BY
v.        Record No. 0606-06-1            JUDGE RANDOLPH A. BEALES
                                                        JULY 10, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Mark S. Davis, Judge

Stephen B. Plott (Collins & Plott, PLC, on brief), for appellant.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


A jury convicted Wallace D. Waddler (appellant) of first-degree murder, pursuant to Code

§ 18.2-32, second-degree murder, pursuant to Code § 18.2-32, and two counts of use of a firearm in

the commission of a felony, pursuant to Code § 18.2-53.1.  On appeal, appellant argues that the trial

court denied his right to strike a member of the jury pool, as provided in Code § 19.2-262.  For the

reasons stated below, we find the trial court did not err in the selection of the jury.[1]

I.  BACKGROUND

At the conclusion of voir dire, appellant and the Commonwealth exercised their

peremptory strikes.  The trial court excused the people who were not selected to serve on the

jury.  Almost immediately, and before the jury was sworn, one of the selected jurors informed a

bailiff that he needed to be excused to keep a doctor's appointment.  Upon learning of the

problem, the trial court told the bailiff, "[C]all and stop everybody at the door.  Don't have

_____

[1] As appellant's argument involves jury selection only, we do not recount the evidence of
his guilt.

anybody go out." The trial court then conferred with the parties. Neither party objected to releasing the juror to go to his appointment.

The trial court explained that it would replace the excused juror in the venire, reconstitute the panel from which the jurors were selected, and begin the peremptory strikes anew. Appellant objected to this procedure. He argued that "we're both doing it with full knowledge of what the other party has done and I don't think that is fair to the defendant." The trial court noted that appellant's argument "cuts both ways" and added:

> but really neither side knows the reasons that they struck the
> people that they exercised their peremptory strikes in the way that
> they did nor did they know what you're going to do this time
> because we don't know who this next person is going to be that's
> put on the panel and the Commonwealth doesn't either . . . .

After more voir dire questioning and no motion to strike the potential venireman for cause, the court added the new venireman taken from the jury pool to the reconstituted panel of twenty. Both parties then exercised their peremptory strikes anew. The Commonwealth struck the same veniremen. For his last strike, appellant's counsel faced a choice of striking the new venireman on the panel, striking a venireman he had struck previously, or striking a venireman that he previously left on the jury. He chose to strike the new venireman.

Appellant then objected to the procedure again, stating that the new venireman was:

> such that I didn't want her on the jury so I had to take a strike I
> originally used to strike somebody else during the first strikes and
> use on her. As a result, the first jury which I was satisfied with,
> one of those people is now on this jury. I was not able to strike
> him. I did not want him on the jury. So because of the procedure
> we've used, the defendant has been prejudiced in that which
> person he originally struck is now on the jury and, therefore, the
> specific prejudice is he was denied one of his peremptory strikes
> through this process.

The Commonwealth pointed out that the jurors did not know who struck them, so they could not become prejudiced against the party who had struck them the first time. The trial court overruled

appellant's objection to the procedure and denied appellant's motion for a mistrial. After hearing

all the evidence, the jury convicted appellant of first-degree murder, second-degree murder, and

two counts of use of a firearm in the commission of a felony.

## II. ANALYSIS

A panel from which to select a jury must contain twenty people, at minimum, and then

the panel is reduced to twelve through a system of peremptory strikes. Code § 19.2-262

establishes the procedure a court should use:

> B. Twelve persons from a panel of not less than 20 shall constitute a jury in a felony case. Seven persons from a panel of not less than 13 shall constitute a jury in a misdemeanor case.

> C. The parties or their counsel, beginning with the attorney for the Commonwealth, shall alternately strike off one name from the panel until the number remaining shall be reduced to the number required for a jury.

This statute does not describe a procedure for replacing a juror.

Appellant suggests that a trial court must comply with the provisions of Code

§§ 8.01-360 and 8.01-361 in order to protect his rights under Code § 19.2-262. Code § 8.01-361

discusses how to replace a juror after the jury has been sworn, which is not the circumstance that

confronted the trial court here.

Code § 8.01-360 discusses how to seat additional, alternate jurors, particularly important

when the court expects that a trial will be protracted.[2] The Code section reads, in part:

> Whenever in the opinion of the court the trial of any criminal or civil case is likely to be a protracted one, the court may direct the selection of additional jurors who shall be drawn from the same source, in the same manner and at the same time as the regular jurors. These additional jurors shall have the same qualifications,

---

[2] Before beginning voir dire, the parties agreed to include one additional person on the jury as an alternate juror, who would be excused prior to deliberation by the jury. When a juror needed to be excused prior to the start of the trial, no one suggested that the trial go forward without an alternate juror. The juror who was excused was not the one designated as the alternate juror.

- 3 -

> and be considered and treated in every respect as regular jurors and be subject to examination and challenge as such jurors. When one additional juror is desired, there shall be drawn three veniremen, and the plaintiff and defendant in a civil case or the Commonwealth and accused in a criminal case shall each be allowed one peremptory challenge.

Again, the problem here is not addressed by Code § 8.01-360. The parties were not selecting an "additional" juror, but instead were replacing a "regular" juror. In addition, appellant did not ask the trial court to use the procedure discussed in Code § 8.01-360.

Appellant also argues Irving v. Commonwealth, 19 Va. App. 581, 453 S.E.2d 577 (1995), controls the outcome of this case. The Commonwealth contends Satcher v. Commonwealth, 244 Va. 220, 421 S.E.2d 821 (1992), controls the outcome. Both Irving and Satcher note that trial courts have discretion to determine the appropriate solution when jury problems arise. Satcher, 244 Va. at 238, 421 S.E.2d at 832 ("[T]he manner of proceeding under the circumstances was a matter for the exercise of the trial court's discretion."); Irving, 19 Va. App. at 583, 453 S.E.2d at 578 ("Code § 8.01-361 allows the court in its discretion to 'cause another qualified juror to be sworn in' to replace the juror who is unable to serve . . . ."). See also Justus v. Commonwealth, 220 Va. 971, 975, 266 S.E.2d 87, 90 (1980). We find that Irving is distinguishable from the facts presented here and that the trial court did not abuse its discretion.

The steps taken by the trial court in Irving created a very different problem. In Irving, the trial court needed to replace a sworn juror. The judge called upon four people in the courtroom who had been called for jury duty, two of whom were struck from the original jury pool by Irving and one of whom was struck by the Commonwealth. 19 Va. App. at 583, 453 S.E.2d at 578. After a random drawing among these four individuals, the person earlier struck by the Commonwealth was taken off the replacement pool. Id. The Commonwealth then struck the person who had not been in the original venire of twenty people, leaving Irving to choose between two people that he had previously struck off the jury. Id.

- 4 -

This Court found in <u>Irving</u>, based on an examination of Code § 8.01-360, that

> the trial court should have at least called three jurors not previously stricken from the panel of twenty and provided both the defendant and Commonwealth with one peremptory strike. By following this *or some similar procedure*, the trial court would have ensured that both sides would have had the full right of their peremptory strikes.

<u>Id.</u> at 585, 453 S.E.2d at 579 (emphasis added).

Here, the trial court added one person who was not in the original venire to replace the excused juror and then gave each side the full number of peremptory strikes under Code § 19.2-262. Because the Commonwealth again struck the same veniremen, appellant was left with three options: striking a venireman he had previously struck from the jury, striking a venireman who had not been struck during the original jury selection, or striking the new venireman. Unlike in <u>Irving</u>, appellant was not forced to choose between two veniremen that he had previously struck. Furthermore, also unlike in <u>Irving</u>, the procedure used by the trial court here complied with the requirements of Code § 19.2-262. Therefore, <u>Irving</u> is not applicable here.[3]

Furthermore, appellant did not use a peremptory strike to exclude a juror who should have been struck for cause. <u>Contrast</u> <u>Cressell v. Commonwealth</u>, 32 Va. App. 744, 755, 531 S.E.2d 1, 6 (2000) (explaining that under Virginia law defendants are entitled to a panel "free of exception" before exercising their peremptory strikes). Instead, appellant's prejudice argument is based on his belief that the previous jury, the one he could no longer have because a juror was excused without objection, was a better jury for him than the jury that heard the case. This argument has no merit. No case law says that a defendant is entitled to the most sympathetic

---

[3] In addition, in <u>Irving</u>, the jury had been sworn and the parties had given their opening statements before the problem with a juror was discovered. 19 Va. App. at 583, 453 S.E.2d at 578. Here, the problem was discovered prior to the swearing of the jury and the attachment of double jeopardy. Therefore, the procedural posture here is more similar to <u>Satcher</u>, where a juror was excused prior to the swearing of the jury. 244 Va. at 237-38, 421 S.E.2d at 832.

jurors available to him. As the United States Supreme Court has stated, in discussing juror selection, "A hard choice is not the same as no choice." United States v. Martinez-Salazar, 528 U.S. 304, 315 (2000).

If the juror with the doctor's appointment had been excused *prior* to the use of the peremptory strikes, then the new venireman would have been added to the twenty-person panel and the peremptory strikes would have progressed just as they did here. The only difference here was that both the Commonwealth and appellant knew which jurors the opposing party had struck the first time. This "foresight" does not prejudice either party, especially as the reasons for those strikes were not disclosed by either party and, of course, none of the jurors knew which party had originally struck that juror.

### III. CONCLUSION

For the reasons stated, this Court's prior opinion in Irving does not control this case, and the trial court did not abuse its discretion when it fashioned this procedure for replacing the excused jury pool member. We affirm the convictions.

Affirmed.