COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Humphreys, Beales and Senior Judge Annunziata
Argued at Salem, Virginia


THEODIS THOMAS SMITH, JR.

                                        MEMORANDUM OPINION[*] BY
v.      Record No. 1235-12-3           JUDGE ROBERT J. HUMPHREYS
                                         OCTOBER 8, 2013

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
Joseph W. Milam, Jr., Judge

Jason S. Eisner (Office of the Public Defender, on brief), for
appellant.

David M. Uberman, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Theodis Thomas Smith, Jr. ("Smith") appeals his conviction by a jury in the Circuit Court

of the City of Danville ("trial court") of larceny from the person, in violation of Code § 18.2-95.

Smith argues that the trial court erred in denying his "motion to strike juror 12 for cause when

her relationship with multiple Danville police officers, opposition to sitting in judgment and

firsthand experience with violent crime rendered her unable to sit as a juror and undermined

public confidence in the integrity of the judicial system." For the following reasons, we affirm

the trial court.

## I. Procedural Defaults

Rule 5A:18 provides that, "No ruling of the trial court . . . will be considered as a basis

for reversal unless an objection was stated with reasonable certainty at the time of the ruling,

except for good cause shown or to enable the Court of Appeals to attain the ends of justice. . . ."

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

"Rule 5A:18 requires a litigant to make timely and specific objections, so that the trial court has 'an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Brown v. Commonwealth, 279 Va. 210, 217, 688 S.E.2d 185, 187 (2010) (quoting West v. Commonwealth, 43 Va. App. 327, 337, 597 S.E.2d 274, 278 (2004)). "A general argument or an abstract reference to the law is not sufficient to preserve an issue." Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (en banc). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Id. at 760-61, 589 S.E.2d at 448.

After *voir dire*, Smith's counsel indicated that he had motions to make and the parties conferred at the bench, off the record. Thus, Smith's objection to seating the juror and the argument related thereto took place at sidebar and no transcript of the sidebar discussion was made part of the record before us. Therefore, Smith's argument is only preserved to the extent that the trial court later recited Smith's reasons for the motion to strike the juror on the record. After the parties exercised their peremptory strikes and the court returned from a recess, Smith's counsel addressed the court as follows:

> [SMITH'S COUNSEL]: Your Honor, I would ask that the record reflect that a peremptory challenge was used on Juror No. 12, . . . a motion to strike for cause had been made based on the answers she gave to questions and the Court denied the motion, I believe, based on the fact that she properly answered all questions put forward. The other motion I would make is . . .
>
> THE COURT: You also moved to strike . . . [at sidebar,] just for the record, and the Commonwealth objected to that strike as to [Juror No. 12] and the Court despite the fact that she knows [Sergeant] Talley and has lunch with [Sergeant] Talley, that was really the only basis for a strike for cause. I think she made it very clear in a non-leading way that it's not something that would affect her ability to serve as a juror in the case.
>
> [SMITH'S COUNSEL]: She had judgment issues, Your Honor, that was another . . . a lot of things.

THE COURT: You say judgment issues?

[SMITH'S COUNSEL]: Religious judgment issues.

THE COURT: Oh, yeah. I think she made it clear . . . you questioned her pretty, I thought, extensively about that [sic] and I thought she answered appropriately.

In this on-the-record recitation of the off-the-record motion to strike, Smith only indicated that he made a motion to strike Juror No. 12 "based on the answers she gave to questions" and her "religious judgment issues." However, the trial court made it clear that Smith had argued off the record that Juror No. 12 should be stricken from the panel based on the fact that she knows and has lunch with Sergeant Talley, a potential witness in the case.[1] Therefore, we address Smith's argument related to Juror No. 12's relationship with Sergeant Talley. However, the other issues Smith raises in his assignment of error are procedurally defaulted because the record does not reflect that he raised them or their rationale in the trial court as required by Rule 5A:18.

Specifically, Smith's assertions that the trial court erred in denying his motion to strike Juror No. 12 for cause because (1) her firsthand experience with violent crime rendered her unable to sit as a juror, (2) she had a prior personal relationship with an officer on the Danville police force, and (3) Juror No. 12 sitting as a juror would undermine public confidence in the integrity of the judicial system, are not preserved for appeal because the record is silent as to whether or not Smith advanced these reasons for striking Juror No. 12 before the trial court. Rule 5A:18; see Townsend v. Commonwealth, 270 Va. 325, 329, 619 S.E.2d 71, 73 (2005) ("Public confidence in the integrity of the judicial system, as a ground for excluding a juror for cause, must be raised in the trial court or that issue is waived.").

Smith noted in the trial court that Juror No. 12's "religious judgment issues" supported his motion to strike, without further explanation. On appeal, Smith merely alleged in his

---

[1] Sergeant Talley did not testify as a witness in this case.

assignment of error that Juror No. 12's opposition to sitting in judgment rendered her unable to sit as a juror; he did not develop any argument on this issue. Rule 5A:20 requires an appellant to support his argument with law or authority: "The opening brief of appellant shall contain: . . . (e) The standard of review and the argument (including principles of law and authorities) relating to each assignment of error." In Stokes v. Commonwealth, 49 Va. App. 401, 410, 641 S.E.2d 780, 784 (2007), this Court declined to address appellant's contention because she cited no authority for her assertion. Therefore, we do not address Smith's contention that Juror No. 12's opposition to sitting in judgment rendered her unable to sit as a juror because he did not cite any law or authority for his position.

## II. The Merits of the Issue Not Defaulted

We now consider Smith's argument that Juror No. 12's relationship with Sergeant Talley rendered her unable to sit as a juror. "The right to be tried by an impartial jury is guaranteed under both the United States and Virginia Constitutions." Taylor v. Commonwealth, 61 Va. App. 13, 22, 733 S.E.2d 129, 134 (2012). "For that guarantee to be effective, persons accused of violating criminal laws must be provided with 'an impartial jury drawn from a panel [of twenty] free from exceptions.'" Id. (quoting Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 736-37 (1976)). "It is prejudicial error for the trial court to force a defendant to use the peremptory strikes afforded him by Code § [19.2-262] to exclude a venireman who is not free from exception." Breeden, 217 Va. at 300, 227 S.E.2d at 737. "Any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused." Id. at 298, 227 S.E.2d at 735. However,

> Given that the trial court is able to see and hear each member of the venire respond to questions posed during *voir dire*, it is in a superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath. Juror

impartiality is a question of fact, and a trial court's decision to seat a juror is entitled to great deference on appeal. *Accordingly, the decision to retain or exclude a prospective juror will not be disturbed on appeal unless there had been manifest error amounting to an abuse of discretion.*

Taylor, 61 Va. App. at 23-24, 733 S.E.2d at 134-35 (emphasis added) (quoting Lovos-Rivas v. Commonwealth, 58 Va. App. 55, 61, 707 S.E.2d 27, 30 (2011)).

The standard to be applied by the trial court in determining whether to retain a venireman on the jury panel is whether his answers during *voir dire* examination indicate to the court something that "would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath."

Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990) (quoting Adams v. Texas, 448 U.S. 38, 45 (1980)). "A prospective juror is not subject to automatic exclusion because of an association with law enforcement personnel, provided the juror has no knowledge of the facts of the case and demonstrates impartiality toward the parties." Clozza v. Commonwealth, 228 Va. 124, 129, 321 S.E.2d 273, 276 (1984).

In this case, the Commonwealth asked Juror No. 12, "Given your knowledge of [Sergeant] Talley, you meet with her frequently, have lunch with her quite often, would that have any impact on your ability to listen to the evidence and render a fair and impartial verdict, either for the Commonwealth or for the defense?" Juror No. 12 responded "No." Smith's counsel followed up with inquiry into Juror No. 12's relationship with Talley and asked, "you say your friendship with her would not leave [sic] you to give her anymore credibility or any less credibility than any other witness who testified?" Juror No. 12 responded, "Right." Smith's counsel also asked if Juror No. 12 would believe Sergeant Talley's testimony more or less than anyone else, knowing Talley is a police officer, and Juror No. 12 responded, "No." None of Juror No. 12's answers lead to a conclusion that her relationship with Sergeant Talley as a friend

and knowledge of Sergeant Talley's role as a police officer would cause her to be partial towards one party over another.

Smith attempts to analogize to <u>Breeden</u>, where a potential juror indicated in *voir dire* that she believed that defense counsel would have to prove the defendant's innocence. The Supreme Court was not satisfied with the efforts of the Commonwealth and the trial court to rehabilitate the juror because "[i]n response to two long, complex, leading questions, she merely gave the answers expected." <u>Breeden</u>, 217 Va. at 300, 227 S.E.2d at 736.

Smith's case is easily distinguished from <u>Breeden</u> because Juror No. 12 never indicated a bias or misconception of the law. The juror in this case did not need to be rehabilitated to show impartiality because she did not show partiality to begin with. While Smith may presume Juror No. 12's partiality, it is not apparent from the record and we cannot presume it as a matter of law and thus cannot conclude that the trial court necessarily erred in denying Smith's motion to strike Juror No. 12 based solely on her friendship with a police officer who was a potential witness in the case.

III. Conclusion

Accordingly, we affirm the trial court's denial of Smith's motion to strike Juror No. 12 from the prospective jury panel.

<u>Affirmed.</u>