COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, Petty and Chafin
Argued at Lexington, Virginia


AMANDA BARBARA NICHOLE TAYLOR

OPINION BY
v.      Record No. 0543-16-3                    JUDGE WILLIAM G. PETTY
MARCH 14, 2017

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF MONTGOMERY COUNTY
Marcus H. Long, Jr., Judge

Ryan D. Hamrick (Daniel D. Hamrick, P.C. on briefs), for appellant.

Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Amanda Barbara Nichole Taylor appeals her conviction of first-degree murder, arguing

the trial court erred by failing to strike a juror for cause. We disagree and affirm the conviction.

BACKGROUND

"Under well-settled principles of appellate review, we consider the evidence presented at

trial in the light most favorable to the Commonwealth, the prevailing party in the circuit court."

Porter v. Commonwealth, 276 Va. 203, 215-16, 661 S.E.2d 415, 419 (2008).

During group *voir dire*,[1] the trial judge asked the group of potential jurors if any of them

had expressed or formed any opinion as to the guilt or innocence of the accused, if any were

sensible of any bias or prejudice against the parties, and if any knew any reason he or she could

not give a fair and impartial trial to the parties based solely on the law and the evidence. The

group answered "no" to each question. The judge asked the group if they understood that the

_____

[1] Of the first group of twenty-three prospective jurors, four were struck for cause. Juror
K. was part of the replacement group of prospective jurors questioned subsequently.

defendant is presumed to be innocent, if they understood that the Commonwealth must prove the defendant is guilty beyond a reasonable doubt, and if they understood that the defendant is not required to produce evidence. The group answered "yes" to each question.

The Commonwealth's Attorney then asked the group a series of questions, including, "[I]s there anyone that believes that they already know something about this case?" When Juror K. responded that he did, the Commonwealth's Attorney asked Juror K. if he would be willing to put aside prior knowledge and listen to what was heard in the courtroom and base his decision just on the evidence presented. Juror K. replied, "Yes."

Subsequently, during individual *voir dire*, the following conversation took place involving Juror K.:

> [Commonwealth's Attorney]: [Juror K.], I think you had indicated that you thought maybe you had seen or heard something about this case prior to coming here today; is that right?
>
> Juror [K.]: Yes.
>
>   . . . .
>
> [Commonwealth's Attorney]: Okay. And as sort of right now, based on what you heard outside of the courtroom, do you feel like you have an opinion one way or another whether the defendant would be guilty or not guilty?
>
> Juror [K.]: Probably more leaning towards guilty, I would imagine.
>
> [Commonwealth's Attorney]: Okay. And –
>
> Juror [K.]: But I, I don't know enough to, you know –
>
> [Commonwealth's Attorney]: Okay. You don't know enough to –
>
> Juror [K.]: To really say for sure, but –
>
> [Commonwealth's Attorney]: And you understand that whatever you may have heard outside of the courtroom would not be evidence –

Juror [K.]:  Correct.

[Commonwealth's Attorney]:  -- in the case?  Do you feel that your opinion is so firmly rooted that you could not put that aside and listen just to what was presented in the courtroom?

Juror [K.]:  No, I don't think so.

When asked if he felt he could render a fair and impartial verdict based solely on what was said in the courtroom, Juror K. stated, "Yes."

When questioned by the defense attorney, Juror K. admitted that he had come into the courtroom thinking the defendant was more likely than not to be guilty "[j]ust based on what, you know, things that I heard or read."  Defense counsel then asked Juror K., "Sitting right here, right now, do you still feel that way?"  Juror K. answered, "Probably yes, I would imagine."

Defense counsel then moved to strike for cause.  The trial judge then asked Juror K.,

[Judge]:  I want to ask you one more question.  Sir, before you answered my question that any information you had would not affect your impartiality in this case. . . .  Is that still the same?"

Juror [K.]:  Yes, that's still the same. . . .  The way he phrased it it was just like are you, would you be leaning more.

[Judge]:  But you could still be impartial?

Juror [K.]:  Yes, I believe so.

[Judge]:  Okay.  And you're not so entrenched in your feelings that –

Juror [K.]:  No.

[Judge]:  --you can't be fair and impartial?

Juror [K.]:  No.

The defense argued that even though Juror K. stated he believed he could be impartial, Juror K. had stated that sitting there before hearing any evidence, he was leaning towards guilty.  The trial judge concluded that the "standard is whether he can be impartial and whether he can render a

fair verdict based on the law and the evidence, and he has answered that affirmatively each time, and so I deny your motion."

The defense used a peremptory strike to remove the juror. The jury subsequently found Taylor guilty of first-degree murder. Taylor now appeals the trial court's denial of her motion to strike Juror K. for cause.

ANALYSIS

It is well-established that "the right of an accused to trial by 'an impartial jury' is a constitutional right, reinforced by legislative mandate and by the Rules of this court." Justus v. Commonwealth, 220 Va. 971, 975, 266 S.E.2d 87, 90 (1980). "Code § 8.01-357 assures a defendant a right to an impartial jury drawn from 'a panel [of not less than twenty] free from exceptions.'" Id. (quoting Breeden v. Commonwealth, 217 Va. 297, 300, 227 S.E.2d 734, 737 (1976)). "In the criminal context, it is well-settled that a trial court commits 'prejudicial error' if it 'force[s] a defendant to use peremptory strikes to exclude a venire[person] from the jury panel if that person is not free from exception.'" Roberts v. CSX Transp., Inc., 279 Va. 111, 117, 688 S.E.2d 178, 181 (2010) (alterations in original) (quoting Townsend v. Commonwealth, 270 Va. 325, 329, 619 S.E.2d 71, 73 (2005)). Furthermore, "a defendant's use of a peremptory strike to remove a juror who is not free from exception [is] not harmless error because a defendant 'has a right to an impartial jury drawn from "a panel [of not less than twenty] free from exceptions."'" Id. (quoting Breeden, 217 Va. at 300, 227 S.E.2d at 736-37). "It is the duty of the trial court through the legal machinery provided for that purpose to procure an impartial jury to try every case." Justus, 220 Va. at 976, 266 S.E.2d at 91 (quoting Slade v. Commonwealth, 155 Va. 1099, 1106, 156 S.E. 388, 391 (1931)).

If a prospective juror "does not stand indifferent to the cause, he is not competent. If he has any interest in the cause, or is related to either party, or has expressed or formed any opinion,

or is sensible of any bias or prejudice, he is excluded by the law." Spangler v. Ashwell, 116 Va. 992, 996-97, 83 S.E. 930, 931 (1914).  However, "jurors are not required to be totally ignorant of the facts and issues involved in a case on which they sit." Justus, 220 Va. at 977, 266 S.E.2d at 91.  "The opinion entertained by a juror, which disqualifies him, is an opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." Id. at 976, 266 S.E.2d at 91 (quoting Slade, 155 Va. at 1106, 156 S.E. at 391); Teleguz v. Commonwealth, 273 Va. 458, 477, 643 S.E.2d 708, 720 (2007) ("A potential juror who has knowledge of the case, even if such person has formed an opinion about the case, is entitled to sit on the jury if that opinion can be set aside." (quoting Thomas v. Commonwealth, 263 Va. 216, 231, 559 S.E.2d 652, 660 (2002))).

> In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case.  This is particularly true in criminal cases.  To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard.  It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court.

Irvin v. Dowd, 366 U.S. 717, 722-23 (1961).  Potential jurors may be confused regarding what "impartiality" requires in relation to feelings and opinions gained prior to *voir dire*.  "With random jury selection this will often occur and presents a situation with which trial judges will have to deal as intelligently and patiently as possible." Justus, 220 Va. at 977, 266 S.E.2d at 91 ("It will obviously require a greater effort on the part of trial courts to rehabilitate prospective jurors who become confused during their *voir dire* examination.").

"Juror impartiality is a question of fact." Huguely v. Commonwealth, 63 Va. App. 92, 121, 754 S.E.2d 557, 571 (2014) (quoting Lovos-Rivas v. Commonwealth, 58 Va. App. 55, 61,

707 S.E.2d 27, 30 (2011)). "Whether a prospective juror can lay aside a preconceived opinion and render a verdict solely on the evidence is a mixed question of law and fact. Resolution of the question rests within the sound discretion of the trial court." Calhoun v. Commonwealth, 226 Va. 256, 258, 307 S.E.2d 896, 898 (1983). "[T]he trial court must weigh the meaning of the answers given in light of the phrasing of the questions posed, the inflections, tone, and tenor of the dialogue, and the general demeanor of the prospective juror." Smith v. Commonwealth, 219 Va. 455, 464-65, 248 S.E.2d 135, 141 (1978).

> [B]ecause the trial judge has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand, the trial court's exercise of judicial discretion in deciding challenges for cause will be not disturbed on appeal, unless manifest error appears in the record.

Jackson v. Commonwealth, 267 Va. 178, 191, 590 S.E.2d 520, 527 (2004) (quoting Pope v. Commonwealth, 234 Va. 114, 123-24, 360 S.E.2d 352, 358 (1987)). A manifest error occurs when the record shows that a prospective juror cannot or will not lay aside his or her preconceived opinion. See Briley v. Commonwealth, 222 Va. 180, 187, 279 S.E.2d 151, 155 (1981).

"These well established principles have been applied by [appellate courts in Virginia] strictly and consistently" in reviewing whether a trial court has abused its discretion in denying a defense motion to strike a juror for cause. Justus, 220 Va. at 976, 266 S.E.2d at 91.

In Briley v. Commonwealth, the Supreme Court found no error in the trial court's denial of a motion to strike a juror for cause. 222 Va. at 187, 279 S.E.2d at 155. In Briley, the defendant argued that two prospective jurors should have been struck for cause because they held beliefs, before any evidence had been presented, that the defendant was likely guilty. Id. at 182, 279 S.E.2d at 152. In response to the question of whether he believed the defendant was guilty, one prospective juror said, "I really couldn't . . . say my opinion but right now my opinion is that

- 6 -

he is guilty . . . but I can't really say until I hear the case." Id. (alterations in original). A second prospective juror said that he didn't think it likely that the defendant could have "gotten to this point [through the justice system] and not be guilty of these crimes." Id. Nevertheless, the court denied the motion to strike the jurors based on the complete *voir dire* of each juror. Id. at 187, 279 S.E.2d at 155. The Supreme Court affirmed the trial court's decision. It reasoned that while the two prospective jurors had "candidly conceded that news stories and the grand jury's indictment had led them to think the defendant was guilty, they repeatedly resisted the vigorous efforts of defense counsel to show that they did not understand or accept the presumption of innocence or the rules governing burden of proof." Id. "Moreover, with emphatic language, both declared that they had formed 'no absolute opinion.'" Id. The Court noted that the "spectrum of opinion can range, by infinite shades and degrees, from a casual impression to a fixed and abiding conviction." Id. at 185, 279 S.E.2d at 154. The trial court is tasked with deciding whether an opinion formed by a prospective juror is "constitutionally impartial," and the "finding of the trial court upon that issue ought not to be set aside by a reviewing court, unless the error is manifest." Id. (quoting Reynolds v. United States, 98 U.S. 145, 156 (1878)). Accordingly, the Supreme Court found no manifest error and affirmed. Id. at 187, 279 S.E.2d at 155.

Similarly, in Calhoun v. Commonwealth, the Supreme Court affirmed a trial court's denial of a motion to strike a juror for cause. 226 Va. at 259, 307 S.E.2d at 898. The Court noted that one juror had "stated emphatically, at least five times, that she could ignore what she had read and decide the case solely on the evidence" and that the other juror stated unequivocally that she "could disregard any prior knowledge and render a verdict solely on the evidence and the court's instructions." Id. at 259-60, 307 S.E.2d at 898. The Court reasoned that if a prospective juror "remained fixed in her opinion that what she heard on television was what had

happened . . . , quite obviously she could not stand indifferent in the cause." Id.; see also Juniper v. Commonwealth, 271 Va. 362, 404, 626 S.E.2d 383, 410 (2006) (finding the trial court did not err in refusing to strike a potential juror where the "*voir dire* reflect[ed] that [the juror] would not rely on any information she had read or heard about the case and that she had not formed an opinion regarding [the defendant's] guilt or innocence"); Jackson, 267 Va. at 194, 590 S.E.2d at 529 (finding no manifest error in the circuit court's decision refusing to strike a juror for cause where the *voir dire* of the prospective juror "demonstrated that the juror understood both the Commonwealth's burden of proof and the fact that the defendant did not have to present any evidence").

The Supreme Court reached the same result in Spencer v. Commonwealth, 240 Va. 78, 94, 393 S.E.2d 609, 618-19 (1990). There, the Supreme Court affirmed a trial court's denial of the defendant's motion to strike for cause. The Court noted,

> The record gives every indication that the trial judge gave close and conscientious attention to the demeanor of the veniremen. The court's comments with respect to [the prospective juror] are particularly illustrative of the reason for the great deference which an appellate court must accord to the decision of a trial judge in deciding a challenge for cause. The trial judge sees and hears the prospective juror, and is in a position to weigh the "inflections, tone, and tenor of the dialogue, and the general demeanor of the prospective juror." LeVasseur v. Commonwealth, 225 Va. 564, 584, 304 S.E.2d 644, 655 (1983).

Spencer, 240 Va. at 94, 393 S.E.2d at 618-19.

> The standard to be applied by the trial court in determining whether to retain a venireman on the jury panel is whether his answers during *voir dire* examination indicate to the court something that "would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath."

George v. Commonwealth, 242 Va. 264, 276, 411 S.E.2d 12, 19 (1991) (quoting Eaton v. Commonwealth, 240 Va. 236, 246, 397 S.E.2d 385, 391 (1990)) (concluding that a juror was not automatically disqualified because his son had served as the victim's pall bearer).

In contrast, the Supreme Court reversed a trial court's denial of a motion to strike a juror for cause in Green v. Commonwealth, 262 Va. 105, 116, 546 S.E.2d 446, 451 (2001). In Green, a prospective juror stated that she "suppose[d]" the defendant was guilty based on what she had read in the paper. Id. at 112, 546 S.E.2d at 449. In response to the trial court's questioning, the juror acknowledged that the defendant was presumed innocent and that he did not have to produce any evidence. Id. at 114, 546 S.E.2d at 450. Later, while being questioned by defense counsel, the juror stated that the defendant "[would] have to prove him[self] innocent." Id. at 113, 546 S.E.2d at 450. In response to the court's subsequent question, the juror affirmed that she had "a feeling that [the defendant was] guilty." Id. at 114, 546 S.E.2d at 450. Nevertheless, upon the juror's affirmation that she could "keep an open mind and wait for it to be proven" the trial court denied the motion to strike for cause. Id. The Supreme Court reversed. It noted that even after the juror was reminded that the defendant was presumed innocent, she stated she would find the defendant guilty if he did not present evidence to prove his innocence. Id. at 117, 546 S.E.2d at 452. The Court reasoned that the juror's equivocation regarding her feeling that the defendant was guilty indicated that she did not "stand indifferent in the cause," and the "juror's ability to give a defendant a fair and impartial trial must not be left to inference or doubt." Id. at 117-18, 546 S.E.2d at 452; see also Justus, 220 Va. at 977, 266 S.E.2d at 91 (reversing trial court's denial of a motion to strike juror for cause where potential juror's subsequent statement that "she could give the defendant and the Commonwealth a fair and impartial trial [was] not sufficient to overcome her positive and unequivocal testimony that she thought [the defendant] was guilty from what she had heard and read").

Here, Juror K.'s "preconceived notion as to the guilt or innocence" of Taylor was not sufficient to disqualify Juror K. if he could "lay aside his impression or opinion and render a verdict based on the evidence presented in court." See Irvin, 366 U.S. at 722-23. The issue before us is whether the trial court erred when it found that Juror K. could lay aside his preconceived opinion and render a verdict based solely on the evidence produced at trial. We conclude the trial court did not err.

Here, when the Commonwealth's Attorney asked Juror K. during individual *voir dire* if he held an opinion based on his prior knowledge, Juror K. stated that he was "[p]robably more leaning towards guilty, I would imagine." However, when the Commonwealth's Attorney asked Juror K. if his opinion was "so firmly rooted that [he] could not put that aside and listen just to what was presented in the courtroom," Juror K. replied, "No, I don't think so." Further, the Commonwealth's Attorney asked specifically if Juror K. was "prepared to be able to pay just [sic] careful attention to what evidence is presented in the courtroom and to consider just that evidence?" Juror K. answered, "Yes." The Commonwealth's Attorney asked, "And do you feel that you could render a fair and impartial verdict based solely on what's said in the courtroom and not based at all on what you may have previously heard?" Juror K. answered, "Yes."

At that point, Juror K. had unequivocally committed himself to set aside any prior opinion and base his decision regarding Taylor's guilt exclusively on the evidence provided. The defense counsel then reminded Juror K. that he had previously said that he believed Taylor was more likely than not to be guilty. Juror K. conceded that he had expressed that opinion "[j]ust based on what, you know, things that I heard or read." When asked if he still felt that way, Juror K. replied, "Probably yes, I would imagine." The defense counsel then quickly moved to dismiss Juror K. for cause.

- 10 -

In clarifying Juror K.'s position, the trial judge reminded Juror K. that he previously agreed "that any information [he] had would not affect [his] impartiality" and asked him if he still felt the same way. Juror K. responded unequivocally, "Yes that's still the same." He further explained that his response, "Probably yes, I would imagine," was a result of the way defense counsel had phrased the question. Juror K. then reaffirmed that he could be impartial. Impartiality includes an unequivocal commitment to set aside preconceived opinions and view the defendant as innocent until proven guilty beyond a reasonable doubt. The trial judge had the ability to "weigh the meaning of [Juror K.'s] answers given in light of the phrasing of the questions posed [by defense counsel], the inflections, tone, and tenor of the dialogue, and the general demeanor of [Juror K.]."[2] Smith, 219 Va. at 464-65, 248 S.E.2d at 141. He concluded that Juror K. was able to be impartial by laying aside any preconceived notions; finding no manifest error, we will not reverse that decision.

CONCLUSION

Juror K.'s preconceived notion as to the guilt or innocence of Taylor, without more, was not enough to disqualify Juror K. See Irvin, 366 U.S. at 722-23. The determination of whether Juror K. was impartial was resolved by the trial court by "weigh[ing] the meaning of the answers given in light of the phrasing of the questions posed, the inflections, tone, and tenor of the dialogue, and the general demeanor of the prospective juror." See Smith, 219 Va. at 464-65, 248 S.E.2d at 141. "The record gives every indication that the trial judge gave close and conscientious attention to the demeanor of [Juror K.]." See Spencer, 240 Va. at 94, 393 S.E.2d

---

[2] For example, it is not possible from the cold transcript, which is devoid of the emphasis given to each word, to discern whether Juror K.'s statements such as "I believe so," "No, I don't believe so," and "Probably yes, I would imagine" were made as declarative assertions or as equivocal statements. The trial judge observed the inflection and tone of Juror K.'s answers in addition to the words spoken. Where the record does not indicate inflection and tone, we view the statements in the light most favorable to the Commonwealth. See Porter, 276 Va. at 215-16, 661 S.E.2d at 419.

- 11 -

at 618-19.  Juror K.'s unequivocal statements indicated he would set aside his preconceived opinion and decide the case based solely on the evidence produced at trial.  It was not manifest error for the trial court to conclude that Juror K. was impartial.  Accordingly, we affirm Taylor's conviction.

Affirmed.