COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Decker, Judges Beales and AtLee
Argued at Richmond, Virginia

CURTIS LEE STEVENS

MEMORANDUM OPINION* BY
v.       Record No. 1275-18-2        JUDGE RICHARD Y. ATLEE, JR.
                                      APRIL 7, 2020

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
W. Reilly Marchant, Judge

Angela L. Porter, Assistant Public Defender, for appellant.

A. Anne Lloyd, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Appellant Curtis Lee Stevens appeals his conviction for possessing a firearm after having

been convicted of a violent felony. He argues that the Circuit Court of the City of Richmond

erred when it denied his motions to strike two individuals from the pool of potential jurors (*i.e.*,

the venire). For the following reasons, we find no error and affirm.

I. BACKGROUND

After being charged, Stevens opted for a jury trial. During *voir dire*, defense counsel

asked the venire, "Do you think [Stevens is] more likely to possess another firearm because he's

done so in the past?" Three individuals responded affirmatively: Weinberg, Armstrong, and

Pinney. Weinberg was struck, without objection, due to medical issues. Because of their

affirmative responses, Armstrong and Pinney were called for further questioning.

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A. *Armstrong*

When the circuit court judge and counsel questioned Armstrong, the following exchange occurred[1]:

> The Court: I think you said you thought the fact that the person had a previous conviction for possession of a firearm might have some bearing on your decision today.
>
> Armstrong: No. What I said was I thought he would be more inclined to possess a firearm. He's presumed innocent.
>
> The Court: Right. Would you apply that presumption and just listen to the facts and weigh them impartially?
>
> Armstrong: Impartially, yes.
>
> The Court: I mean, apply the presumption that he's innocent?
>
> Armstrong: Exactly.
>
> The Court: And listen to the evidence and apply it impartially?
>
> Armstrong: Yes.
>
> The Court: Do you think that the fact that you knew he had a previous conviction is going to tilt you one way or another?
>
> Armstrong: No, no. I will look at the facts and see what the Commonwealth is going to, you know, provide us.
>
> The Court: Do you want to follow up with any questions?
>
> Defense Attorney: If I could, Judge. So I just want to be clear. I don't want to put words in your mouth. But do you think Mr. Stevens is maybe less innocent than someone who doesn't have that conviction?
>
> Armstrong: No, no.
>
> Defense Attorney: So just the fact that he's been convicted of a felony, do you think that makes him more likely to have a gun?
>
> Armstrong: But it's the same charge, right?

---

[1] In excerpts from the trial transcript, the capitalization and names of the speakers, including counsel and the prospective jurors, has been lightly edited for consistency and clarity.

Defense Attorney:  It is.  It is.

The Court:  Not the same facts, not the same day.  It's the same charge.

Armstrong:  Right, right.  Yes, I think he might be more likely since he's been convicted of it before.

The Commonwealth also questioned Armstrong, asking, "[a]re you going to hold me to my burden though?  You're going to make me prove the case?"  Armstrong responded:  "Yes.  Absolutely."

### B.  *Pinney*

Pinney was subsequently called for further questioning.

The Court:  Can you apply the facts to this case fairly knowing that he's presumed to be innocent and not have that prior conviction sway you one way or the other?

Pinney:  I think I can.  I think that the fact that he's been convicted before increases the odds that he might be convicted again.  I'm just being honest.  But I certainly think I can be fair.

The Court:  Did you want to ask further questions?

Commonwealth:  Even if it increases the odds, are you still going to hold me to my burden and make me prove this case that we're here on today?

Pinney:  Yes.

Commonwealth:  You're not going to give me a bump; you're not going to give me a pass?

Pinney:  No.

The Court:  [Defense], do you have any questions?

Defense Attorney:  Okay.  So do you feel that it's more likely because he has that prior conviction?

Pinney:  I just think the odds are greater.

Stevens renewed his motions to strike Armstrong and Pinney from the venire. The circuit court denied both motions and explained his rationale in great detail:

> Well, the problem that you get into with a lot of these juror responses is people – say contradictory things often as you – all know. And both Ms. Armstrong and Ms. Pinney said they would be impartial and they could weigh the evidence in this case; they would apply the presumption of innocence. And then they both said, however, the odds are that he might be more inclined to have it. So they sort of go both ways on that but they seemed in the Court's opinion to be clearly -- wanting us clearly to know they would be fair to this person and apply the law. I really think that with this question, I think the way they're answering it, I would not be surprised if you had a lot more other people in here if they were truthful and would probably say the same thing, but it doesn't mean that they're not applying what we told them to apply. I think people are just stating -- that's why you don't let these kind of things come in except for credibility in a normal case. Unfortunately[,] with this charge, you have to prove the prior conviction and it makes it -- I'm not convinced . . . . It does bother me to some degree that it does increase the odds and what have you, but then they turn right around and say no, I'm going to hold the Commonwealth to their burden; I will apply the presumption of innocence; I'll weigh the evidence fairly. And it just bothers me that they get struck after having said all that.
>
> I understand your concern. I think it's a close call on those, but I think they both look to me as they sat here and looked us in the eye and talked about it[.] I feel that they were very sincere about their efforts to be fair. And frankly after be[ing] asked about it, we probably made them more aware of it now and they're going to be more fair in that regard because we actually brought their attention to the fact that they can't be unfair about that. I don't think it rises to striking for cause. If they said, Judge, he had this gun, I just know he did, you know, as far as I'm concerned, he had it this time too, then of course they're out of here. But these people went out of their way to say, no, I am going to be fair. I'm going to hold the Commonwealth to their burden. I will apply the presumption of innocence. And I think with that, I'm not going to strike them for cause.

Ultimately, Stevens used a peremptory strike to exclude Pinney from the venire. Armstrong sat on the jury. Following the trial, the jury convicted Stevens and sentenced him to five years in prison.

## II. ANALYSIS

"On review, this Court gives significant deference to a trial court's decision to strike a prospective juror or not, 'because the trial court was able to see and hear each member of the venire respond to the questions posed.'" Ramos v. Commonwealth, 71 Va. App. 150, 157 (2019) (quoting Lovitt v. Commonwealth, 260 Va. 497, 510 (2000)). This includes the opportunity "to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand . . . ." Taylor v. Commonwealth, 67 Va. App. 448, 455 (2017) (quoting Jackson v. Commonwealth, 267 Va. 178, 191 (2004)). "Accordingly, our review is 'for an abuse of discretion and [the trial court's] ruling will not be disturbed on appeal unless it appears from the record that the trial court's action constitutes manifest error.'" Ramos, 71 Va. App. at 157 (quoting Cressell v. Commonwealth, 32 Va. App. 744, 755 (2000)). "A manifest error occurs when the record shows that a prospective juror cannot or will not lay aside his or her preconceived opinion." Taylor, 67 Va. App. at 456. "The opinion entertained by a juror, which disqualifies him, is an opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." Id. at 454 (quoting Justus v. Commonwealth, 220 Va. 971, 975 (1980)). "In conducting our review, we consider the juror's entire *voir dire*, not merely isolated statements." Ramos, 71 Va. App. at 157 (quoting DeLeon v. Commonwealth, 38 Va. App. 409, 412-13 (2002)).

Here, both Armstrong and Pinney were very forthcoming about their preconceived notions and how they would nonetheless put those aside to weigh the evidence in this case and hold the Commonwealth to its burden. The circuit court was incredibly detailed in its assessment of each, noting that both were clear in saying that "I'm going to hold the Commonwealth to their burden[;] I will apply the presumption of innocence[;] I'll weigh the evidence fairly." The circuit court emphasized both potential jurors' truthful demeanor, stating that "they were very

- 5 -

sincere about their efforts to be fair." Although the transcript reflects that Pinney made statements like "I think I can," when asked if she could resist having the "prior conviction sway [her] one way or the other," this Court has no way to know how she delivered that statement, whether her tone was definitive or equivocating. As such, we defer to the circuit court, who was able to observe her demeanor and tone when evaluating whether she should be struck for cause. See Weeks v. Commonwealth, 248 Va. 460, 475 (1994) (noting the importance of emphasis in the phrase "I think so" in interpreting whether a juror could be impartial); Huguely v. Commonwealth, 63 Va. App. 92, 125 (2014) ("[T]he word 'think' can have different meanings depending on one's demeanor, emphasis, and tone of voice . . . ."). Moreover, we will not focus on isolated statements, but consider the *voir dire* as a whole, Ramos, 71 Va. App. at 157, which showed that she would treat the facts presented in this case individually.

Contrary to what is required to constitute a manifest error, the record here plainly demonstrates that both Armstrong and Pinney could and would lay aside their preconceived notions. Taylor, 67 Va. App. at 456. Neither showed that they had an "opinion of that fixed character which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." Id. at 454 (quoting Justus, 220 Va. at 975). The circuit court, which was able to observe and question them during *voir dire*, found that they both demonstrated the ability and willingness to weigh this case fairly and apply the presumption of innocence. In light of this, we cannot say the record demonstrates any manifest error or abuse of discretion in denying both motions to exclude Armstrong and Pinney from the jury for cause.

## III.  CONCLUSION

The circuit court did not err in denying Stevens' motions to strike Armstrong or Pinney

for cause.  As such, we affirm.

<u>Affirmed.</u>