COURT OF APPEALS OF VIRGINIA

Present:  Judges Beales, Fulton and Friedman
Argued at Norfolk, Virginia

UNPUBLISHED

DESTINI N'DIA TRANAY WRIGHT

v.      Record No. 2016-23-1

CITY OF CHESAPEAKE

MEMORANDUM OPINION* BY
JUDGE JUNIUS P. FULTON, III
JUNE 17, 2025

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Rufus A. Banks, Jr., Judge

Brett P. Blobaum, Senior Appellate Attorney (Virginia Indigent
Defense Commission, on briefs), for appellant.

(Matthew R. Hamel, Commonwealth's Attorney; Emily
McLaughlin, Assistant Commonwealth's Attorney, on brief), for
appellee.  Appellee submitting on brief.


Following a jury trial, the Circuit Court of the City of Chesapeake convicted Destini

Wright of failing to provide her identification to a law enforcement officer upon request, in

violation of Chesapeake City Ordinance 46-209, and sentenced her to 90 days in jail, with 90

days suspended.  Wright's sole contention on appeal is that the trial court erred by denying her

motion to strike Juror M. for cause.  Finding no error in the trial court, we affirm.

BACKGROUND

The trial court empaneled the jury on January 5, 2023.  During group voir dire, the trial

court asked the panel members, among other things, if anyone had an interest in the outcome of

the case, if anyone had acquired any information about the case, or if anyone had formed an

opinion about Wright's guilt or innocence.  None of the prospective jurors answered

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

affirmatively. Upon further questioning, the panel members all conveyed that they could render a fair and impartial verdict based solely on the law and the evidence. None of the panel members answered affirmatively when asked if they would believe a police officer's testimony over that of any other witness merely because of his status as a police officer. When Wright asked if any of the panel members had ever worked as a law enforcement officer, Juror M. responded that he was a retired master state trooper and that he currently worked as an investigator with the Virginia State Police.

Wright moved to strike Juror M. for cause because he "was a former officer of the State Police." The City of Chesapeake ("City") responded that Juror M. did not say he could not be impartial and argued that "being former law enforcement is not a cause to strike" a potential juror for cause. Finding that "there is no evidence before the Court that [Juror M.] could not stand indifferent [or] be fair and impartial," the trial court denied Wright's initial motion to strike Juror M. for cause, but allowed her to question him more specifically individually.

During individual voir dire, Juror M. explained that he had been a state trooper with the state police for 26 years and that he retired in August 2020. When asked if there was anything about his experience as a state trooper "that would influence his ability to judge the witnesses today," Juror M. replied, "No, ma'am." Juror M. further explained that he began working part time as an investigator with the state police in November 2022, and he affirmed that he worked in the Chesapeake region, which included the area from Williamsburg down through Tidewater and to the Eastern Shore. Juror M. did not know any of the police officers involved in Wright's case, all of whom worked for the Chesapeake Police Department. Juror M. denied that he had formed any conclusions about Wright's case and said he could follow all the court's instructions.

Wright again moved to strike Juror M. for cause. Wright argued,

> In further questioning of him, it revealed that he is currently employed with the Virginia State Police. He's working as an investigator here in the Chesapeake region; furthermore, he worked as a state trooper for 26 years.
>
> I did ask him whether that would influence him at all in his decision making, and he indicated it would not, but it is the fact that he has that length of experience as a law enforcement officer, I think it would disqualify him as a juror . . . .

The City objected to the motion to strike while arguing that Juror M. "was unequivocal," unbiased, and that he did not know the officers involved in Wright's case. The trial court denied Wright's motion upon finding that Juror M. "evidenced no bias one way or the other," that he indicated he could be fair and impartial, and that he said he would follow instructions. Wright used a peremptory strike to exclude Juror M. from the jury.

After the trial and after deliberations, the jury convicted Wright of failing to provide her identification upon request. Wright appeals.

ANALYSIS

It is well-settled that appellate courts "must defer to a trial court's ruling on the issue of whether to retain or excuse a prospective juror for cause and that ruling will not be disturbed on appeal unless there has been manifest error amounting to an abuse of discretion." *Barrett v. Commonwealth*, 262 Va. 823, 826 (2001). "[T]his Court must give deference to the circuit court's determination whether to exclude a prospective juror because that court was able to see and hear each member of the venire respond to questions posed." *Townsend v. Commonwealth*, 270 Va. 325, 329 (2005) (quoting *Green v. Commonwealth*, 262 Va. 105, 115 (2001)).

"The right to be tried by an impartial jury is guaranteed under both the United States and Virginia Constitutions." *Taylor v. Commonwealth*, 61 Va. App. 13, 22 (2012). Thus, "[e]very prospective juror must stand indifferent to the cause, 'and any reasonable doubt as to a juror's

qualifications must be resolved in favor of the accused.'" *Id.* at 23 (quoting *Breeden v. Commonwealth*, 217 Va. 297, 298 (1976)); *see also* Code § 8.01-358. "If there be a reasonable doubt whether the juror possesses these qualifications, that doubt is sufficient to insure his exclusion." *Id.* (quoting *Breeden*, 217 Va. at 298). We apply these principles "strictly," "and when a prospective juror equivocates about whether he or she has formed a fixed opinion, the prospective juror should be stricken by the trial court." *Id.* "The opinion entertained by a juror, which disqualifies him, is an opinion of that *fixed character* which repels the presumption of innocence in a criminal case, and in whose mind the accused stands condemned already." *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 61 (2011) (quoting *Justus v. Commonwealth*, 220 Va. 971, 976 (1980)). "Thus, 'the test of impartiality is whether the venireperson can lay aside the preconceived views and render a verdict based solely on the law and evidence presented at trial.'" *Id.* (quoting *Cressell v. Commonwealth*, 32 Va. App. 744, 761 (2000)).

That said, "[t]he circuit court is in a superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath." *Green*, 262 Va. at 115. "[T]he trial court must weigh the meaning of the answers given in light of the phrasing of the questions posed, the inflections, tone, and tenor of the dialogue, and the general demeanor of the prospective juror." *Taylor v. Commonwealth*, 67 Va. App. 448, 455 (2017) (alteration in original) (quoting *Smith v. Commonwealth*, 219 Va. 455, 464-65 (1978)).

> [B]ecause the trial judge has the opportunity, which we lack, to observe and evaluate the apparent sincerity, conscientiousness, intelligence, and demeanor of prospective jurors first hand, the trial court's exercise of judicial discretion in deciding challenges for cause will be not disturbed on appeal, unless manifest error appears in the record.

*Jackson v. Commonwealth*, 267 Va. 178, 191 (2004) (quoting *Pope v. Commonwealth*, 234 Va. 114, 123-24 (1987)). "A manifest error occurs when the record shows that a prospective juror cannot or

will not lay aside his or her preconceived opinion." *Taylor*, 67 Va. App. at 456. In conducting our review on appeal, "we consider the juror's entire *voir dire*, not merely isolated statements." *Taylor*, 61 Va. App. at 24.

Here, the record supports the trial court's conclusion that Juror M. did not hold preconceived opinions or fixed biases against either party that he could not, or would not, lay aside. Considering the entire voir dire, Juror M. did not equivocate but clearly conveyed that he could be fair and impartial, that he was unaware of any bias or prejudices he may have, that he understood Wright was presumed innocent, and that he did not acquire pretrial information concerning the case. He also knew of no reason that prevented him from serving on the jury. Although Juror M. had a lengthy career in law enforcement and at the time of trial worked part time as an investigator with the state police, he stated that nothing in his experience would prevent his ability to be impartial, and nothing in Juror M.'s responses indicated that he believed Wright was guilty of the charge merely because she had been charged. He also did not personally know any of the Chesapeake police officers involved in the case. "[*P*]*er se* rules of disqualification which are based on 'a presumption of [juror] bias or prejudice,' are disfavored in Virginia." *Bay v. Commonwealth*, 60 Va. App. 520, 531 (2012) (second alteration in original). Contrary to Wright's assertion, the mere fact that Juror M. had a lengthy career in law enforcement did not exclude him from jury service. Rather, his responses during voir dire supported the trial court's finding that he stood indifferent to the cause.

In concluding that Juror M. was qualified to serve as a juror, the trial court expressly found that he "evidenced no bias one way or the other," that he indicated he could be fair and impartial, and that he said he would follow instructions. We find no error in these rulings; the record supports them. "Juror impartiality is a question of fact . . . and a trial court's decision to seat a juror is entitled to great deference on appeal." *Lovos-Rivas*, 58 Va. App. at 61. The voir dire in its

- 5 -

entirety indicates that Juror M. had no preconceived opinion of a fixed nature over Wright's guilt or innocence and that he was qualified to sit fairly and impartially on the jury, indifferent to the cause. Thus, we will not disturb the trial court's decision to retain Juror M. as a prospective juror.

## CONCLUSION

For the foregoing reasons, we find no abuse of discretion in the trial court's denial of Wright's motion to strike Juror M. for cause.  The trial court's judgment is affirmed.

*Affirmed.*