# COURT OF APPEALS OF VIRGINIA

---

### Record No. 0183-25-2

---

JUSTIN RAY DUTCHER

v.

COMMONWEALTH OF VIRGINIA

---

Present: Chief Judge Decker, Judges Beales and Athey

Opinion Issued April 28, 2026[*]

---

### FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
Steven B. Novey, Judge

(Sante J. Piracci, on brief), for appellant. Appellant submitting on brief.

(Jason S. Miyares,[1] Attorney General; Anna M. Hughes, Assistant Attorney General, on brief), for appellee.

---

### MEMORANDUM OPINION
### PER CURIAM

Justin Ray Dutcher appeals his conviction for possession of Schedule I or II controlled substance in violation of Code § 18.2-250. He argues that the trial court erred by denying his motion to strike a juror for cause. We hold the trial court did not err and affirm the conviction.[2]

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Jay C. Jones succeeded Jason S. Miyares as Attorney General on January 17, 2026.

[2] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." *See* Code § 17.1-403(ii)(c); Rule 5A:27(c). Counsel for the appellant waived oral argument.

In December 2023, Colonial Heights Police Officer Tristan Bennett encountered Justin Ray Dutcher during a traffic stop. Dutcher, the driver of the stopped car, appeared "very anxious." Officer Bennett saw a passenger in the front seat and a white substance within a glass smoking device "by the shift column." Dutcher admitted that the smoking device was his. Officers arrested him for possession of Schedule I or II controlled drugs. The police searched the car and found over sixty grams of methamphetamine, packaging materials, and more than $600 in cash.

Dutcher was indicted for possessing a controlled substance with the intent to distribute. He elected to be tried by a jury. During voir dire, the trial court asked the prospective jurors if they were "aware of any bias or prejudice" they might have for either party or if they knew of any reason that they could not be impartial. Venireman J.B., the subject of the issue on appeal, did not raise his hand or indicate he could not judge the case on the evidence presented at trial.[4] All the potential jurors agreed that they could enforce the law even if they disagreed with it. When the Commonwealth asked the prospective jurors if they or anyone in their families had been prosecuted in the City of Colonial Heights, J.B. responded affirmatively but confirmed that he could remain impartial. In response to a defense question, J.B. explained that, about forty years ago, his younger brother "had a drug issue." But J.B. stated that he could "put all that aside."

After voir dire, the Commonwealth's attorney made a motion to strike J.B. for cause because he was the prosecutor in a prior case involving J.B. himself. In response, defense counsel asked for an opportunity to rehabilitate J.B. The trial court found that J.B. did not need any rehabilitation because he affirmed that he could be fair. Nonetheless, the court allowed the parties

---

[3] On appeal of the process of jury selection, this Court reviews the evidence in the light most favorable to the Commonwealth, as the prevailing party below. *See Keepers v. Commonwealth*, 72 Va. App. 17, 25 (2020).

[4] We refer to the venireman by his initials to protect his privacy.

to bring J.B. back for additional questioning.  The Commonwealth's attorney then withdrew his motion to strike J.B. for cause.  But at that point Dutcher asked to strike J.B. for cause "based on the same thing."

J.B. returned to the courtroom yet again for further questioning.  He confirmed that he could decide the case based only on the evidence presented and could give both parties a fair trial.  In response to questioning, J.B. said that at one point he had "an issue with drugs" but had "never [been] caught for using" them.  He conceded that he had been charged with assault and battery in 2004 but said he did not know who prosecuted him and did not remember if he was convicted.  He opined that he was not treated unfairly and emphasized that nothing from his experience would affect his ability to be fair in this case.

Dutcher again made a motion to strike J.B. for cause "based on his answers."  The Commonwealth objected and emphasized that the 2004 case against J.B. had been nolle prossed, likely explaining why J.B. did not recall the outcome of the matter.  The trial court denied the motion.  The Commonwealth used a peremptory strike to excuse J.B. from the venire.

The jury found Dutcher guilty of the lesser offense of possession of a Schedule I or II controlled substance.  He was sentenced to ten years of incarceration with seven years and six months suspended.

ANALYSIS

Dutcher contends that the trial court erred by denying his motion to strike J.B. for cause. We disagree for the reasons that follow.

"[J]uror impartiality is [a question] of fact," and a trial court's decision to seat a juror "is 'entitled to great deference on appeal' unless 'plainly wrong or unsupported by the record.'" *Harvey v. Commonwealth*, 76 Va. App. 436, 454 (2023) (quoting *Huguely v. Commonwealth*, 63 Va. App. 92, 121, 127 (2014)); *see Townsend v. Commonwealth*, 270 Va. 325, 329 (2005).

Accordingly, "the trial court's exercise of judicial discretion in deciding challenges for cause will . . . not [be] disturbed on appeal[] unless manifest error appears in the record." *Taylor v. Commonwealth*, 67 Va. App. 448, 455 (2017) (quoting *Jackson v. Commonwealth*, 267 Va. 178, 191 (2004)); *see Andrews v. Commonwealth*, 280 Va. 231, 256 (2010). "A manifest error occurs when the record shows that a prospective juror cannot or will not lay aside his or her preconceived opinion." *Taylor*, 67 Va. App. at 456. "In conducting our review, we consider the juror's entire *voir dire*, not merely isolated statements." *Ramos v. Commonwealth*, 71 Va. App. 150, 157 (2019) (quoting *DeLeon v. Commonwealth*, 38 Va. App. 409, 413 (2002)); *accord Thomas v. Commonwealth*, 279 Va. 131, 164 (2010).

Both the United States and Virginia Constitutions guarantee the "right to be tried by an impartial jury." *Northcraft v. Commonwealth*, 78 Va. App. 563, 587 (2023); *see* Code § 8.01-358 (outlining the process for safeguarding this right). "For that guarantee to be effective, persons accused of violating criminal laws must be provided with 'an impartial jury drawn from a panel . . . free from exceptions.'"[5] *Taylor v. Commonwealth*, 61 Va. App. 13, 22 (2012) (quoting *Breeden v. Commonwealth*, 217 Va. 297, 300 (1976)). "Every prospective juror must stand indifferent to the cause . . . ." *Id.* at 23. And the guarantee requires that "any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused." *Northcraft*, 78 Va. App. at 587 (quoting *Breeden*, 217 Va. at 298). "If . . . a reasonable doubt [exists about] whether the juror possesses these qualifications, that doubt is sufficient to [e]nsure his exclusion." *Taylor*, 61 Va. App. at 23 (quoting *Breeden*, 217 Va. at 298); *see Green v. Commonwealth*, 262 Va. 105, 118 (2001). "These principles must be strictly applied, and when a prospective juror equivocates about whether he or

---

[5] The error of failing to strike a juror for cause is not harmless even if the Commonwealth ultimately uses a peremptory strike to remove that person from the jury. *See Dehart v. Commonwealth*, 20 Va. App. 213, 216 (1995).

she has formed a fixed opinion, the prospective juror should be stricken by the trial court." *Taylor*, 61 Va. App. at 23.

Simply put, a potential juror may serve on the jury only if he "stands indifferent in the cause." *Keepers v. Commonwealth*, 72 Va. App. 17, 42 (2020) (quoting *Townsend*, 270 Va. at 330). For a juror's opinion to disqualify him, it must be one of such a "fixed character [that it] repels the presumption of innocence in a criminal case" and causes the juror to believe that "the accused stands condemned already." *Northcraft*, 78 Va. App. at 589 (emphasis omitted) (quoting *Lovos-Rivas v. Commonwealth*, 58 Va. App. 55, 61 (2011)); *see Justus v. Commonwealth*, 220 Va. 971, 976 (1980) (quoting *Slade v. Commonwealth*, 155 Va. 1099, 1106 (1931)). Ultimately, if a venireperson is discovered to have preconceived views, "the test of impartiality is whether [he] can lay [them] aside . . . and render a verdict based solely on the law and evidence presented at trial." *Cressell v. Commonwealth*, 32 Va. App. 744, 761 (2000) (quoting *Griffin v. Commonwealth*, 19 Va. App. 619, 621 (1995)).

The trial court—not the appellate court—has the opportunity to see and hear each prospective juror respond to questions posed during the entire voir dire. *See Andrews*, 280 Va. at 256 ("[I]t is the trial judge who sees and hears the prospective juror and, thus, is in the best position to weigh h[is] 'inflections, tone, and tenor of the dialogue, and [his] general demeanor.'" (quoting *Smith v. Commonwealth*, 219 Va. 455, 464-65 (1978))). As a result of this perspective, that court "is in a superior position to determine whether a prospective juror's responses during *voir dire* indicate that the juror would be prevented from or impaired in performing the duties of a juror as required by the court's instructions and the juror's oath." *Keepers*, 72 Va. App. at 42-43 (quoting *Green*, 262 Va. at 115).

Granting deference to the trial court, which was able to see and hear the prospective jurors, and considering the voir dire as a whole, we conclude that the court's finding that J.B. was impartial

was not "plainly wrong" and did not constitute manifest error. *See Harvey*, 76 Va. App. at 454 (quoting *Huguely*, 63 Va. App. at 127). J.B. stated unequivocally that he could be impartial and repeatedly said that he could be fair. He was questioned—twice—and thoroughly vetted by the trial court. In fact, at no point was J.B. equivocal or tentative with his responses that he could be impartial and fair. This record simply does not establish or even suggest that J.B. held a preconceived opinion of such "fixed character [that it] repel[led] the presumption of innocence" or that he was not otherwise indifferent to the case. *See Northcraft*, 78 Va. App. at 589 (emphasis omitted) (quoting *Lovos-Rivas*, 58 Va. App. at 61).

For these reasons, Dutcher has failed to demonstrate that the trial court abused its discretion by denying his motion to strike potential juror J.B. for cause.

CONCLUSION

The trial court did not err by refusing to strike J.B. for cause. Accordingly, we affirm the trial court's judgment.

*Affirmed.*